IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **JERRY WILLIAMS, MOSES GRAY, and AARON THOMPSON, individually and on behalf of all others similarly situated,** | : : : : : : | |
| | : | Civil Action File No. |
| **Plaintiffs,** | : : : | |
| **vs.** | : : : | |
| **CLARKE'S TOWING & TRANSPORTATION, INC. and HENRY CLARKE,** | : : : : : | |
| **Defendants.** | : : | |

## COMPLAINT

Plaintiffs Jerry Williams ("Williams"), Moses Gray ("Gray"), and Aaron Thompson ("Thompson"), individually and on behalf of all others similarly situated who consent to their inclusion in a collective action, bring this Complaint against Defendants Clarke's Towing & Transportation, Inc. ("Clarke's Towing") and Henry Clarke ("Clarke") and show the Court as follows:

## INTRODUCTION

### 1.

This is an FLSA minimum wage and overtime case.

### 2.

In addition to his federal causes of action, Thompson asserts pendent state law claims which arise out of the same set of operating facts as his federal claims.  These are (1) breach of contract, (2) quantum meruit and (3) promissory estoppel.

### 3.

Within the three years immediately preceding the initiation of this action ("the Relevant Period") Defendants employed Plaintiffs as tow truck drivers in and around Atlanta, Georgia.

### 4.

Plaintiffs ask this Court to certify a collective of similarly situated individuals, to wit, all tow truck drivers who have worked for Clarke's Towing & Transportation, Inc., within the three years immediately prior to the filing of this Complaint and who consent in writing to their inclusion in a collective action.

### 5.

Williams' Consent to Serve as a Plaintiff Representative in this FLSA Action is filed herewith as Exhibit "A".

6.

Gray's Consent to Serve as a Plaintiff Representative in this FLSA Action is filed herewith as Exhibit "B".

7.

Thompson's Consent to Serve as a Plaintiff Representative in this FLSA Action is filed herewith as Exhibit "C".

8.

Plaintiffs request collective relief because all other Clarke's Towing drivers were treated in a similar manner with respect to their compensation.

### JURISDICTION AND VENUE

9.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA § 16(b), 29 U.S.C. § 216(b), 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

10.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Clarke's Towing 's principal place of business is located in this

judicial district, Clarke resides in this judicial district and a substantial
portion of the events giving rise to the claims herein arose in this judicial
district.

## THE PARTIES

11.

Williams resides in Clayton County, Georgia.

12.

Williams worked for Clarke's Towing as a tow truck driver from
approximately March 2015 through November 6, 2015.

13.

During the Relevant Period, Defendants compensated Williams for such
work through the payment of commissions, supplemented by additional funds
based on miles driven.

14.

Gray resides in Fulton County, Georgia.

15.

During the Relevant Period, Defendants employed Gray as a tow truck
driver in and around Atlanta, Georgia.

16.

During the Relevant Period, Defendants compensated Gray for such work through the payment of an hourly rate of $7.25.

17.

During the Relevant Period, Defendants adjusted Gray's compensation by deductions for damage to tow trucks, customer vehicles and other non-specified reasons.

18.

Thompson resides in Henry County, Georgia.

19.

During the Relevant Period, Defendants employed Thompson as a tow truck driver in and around Atlanta, Georgia.

20.

During the Relevant Period, Defendants compensated Thompson for such work through the payment of an hourly rate of $7.25.

21.

During the Relevant Period, Defendants adjusted Thompson's compensation by deductions for damage to tow trucks, customer vehicles and other non-specified reasons.

22.

At all times material hereto, Defendants have jointly operated a tow truck service whose principal place of business is located at 950 Royal Industrial Boulevard, Austell, GA.

23.

Clarke's Towing is a corporation organized under the laws of the State of Georgia.

24.

Clarke's Towing can be served via its registered agent Henry Clarke at 748 San Fernando Drive, Smyrna, Georgia 30080.

25.

Clarke's Towing is subject to the personal jurisdiction of this Court.

26.

Clarke is a resident of Cobb County, Georgia.

27.

Clarke is subject to the personal jurisdiction of this Court.

28.

Clarke is the Chief Executive Officer, Chief Financial Officer, and Registered Agent for Service of Process for Clarke's Towing.

29.

Clarke can be served with process at his residence located at 748 San Fernando Drive, Smyrna, Georgia 30080 or wherever he can be found.

### INDIVIDUAL COVERAGE

30.

During the Relevant Period, Plaintiffs regularly operated tow trucks owned by Defendants for the purpose of providing towing services for the operators and owners of disabled or abandoned vehicles who were members of the American Automobile Association ("AAA") on Interstate and U.S. Highways, thereby keeping the instrumentalities of interstate commerce free from obstructions.

31.

During the Relevant Period, Plaintiffs were "engaged in commerce" as employees of Clarke's Towing as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a) and FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

## ENTERPRISE COVERAGE

### 32.

At all times material hereto, Clarke's Towing has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA, § 6(a), 29 U.S.C. § 206 (a) and FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

### 33.

During 2013, Clarke's Towing had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

### 34.

During 2014 Clarke's Towing had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

### 35.

During 2015, Clarke's Towing had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

### 36.

During 2016, Clarke's Towing had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

### 37.

During the Relevant Period, Plaintiffs and other employees of Clarke's Towing handled the following goods which moved in interstate commerce in

the furtherance of the commercial purpose of Clarke's Towing: trucks, gasoline, engine oil, uniforms, cell phones.

38.

During 2013, Clarke's Towing had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

39.

During 2014, Clarke's Towing had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

40.

During 2015, Clarke's Towing had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

41.

During 2016, Clarke's Towing had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in

or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

42.

Specifically, at all times material hereto, Clarke's Towing had two or more employees who regularly provided towing services for disabled or abandoned vehicles on Interstate and U.S. highways, thereby providing for the free flow of traffic on the national highway system.

43.

During 2013, Clarke's Towing  had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

44.

During 2014, Clarke's Towing  had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

45.

During 2015, Clarke's Towing  had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the

retail level that are separately stated) within the meaning of  29 U.S.C. §
203(s)(1)(A).

46.

During 2016, Clarke's Towing had an annual gross volume of sales made
or business done of not less than $500,000 (exclusive of excise taxes at the
retail level that are separately stated) within the meaning of  29 U.S.C. §
203(s)(1)(A).

47.

At all times material hereto, Clarke's Towing has been an "enterprise
engaged in commerce or in the production of goods for commerce" as defined
in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

## EMPLOYER / EMPLOYEE RELATIONSHIP

48.

At all times material hereto, Clarke's Towing was an "employer" of
Plaintiffs as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

49.

At all times material hereto, Plaintiffs were "employees" of Clarke's
Towing as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

50.

At all times material hereto, Clarke exercised operational control over the work activities of Plaintiffs.

51.

At all times material hereto, Clarke was involved in the day to day operation of Clarke's Towing.

52.

At all times material hereto, Clarke's Towing vested Clarke with supervisory authority over Plaintiffs.

53.

At all times material hereto, Clarke exercised supervisory authority over Plaintiffs.

54.

At all times material hereto, Clarke scheduled Plaintiffs' working hours or supervised the scheduling of Plaintiffs' working hours.

55.

At all times material hereto, Clarke exercised authority and supervision over Plaintiffs' compensation.

56.

At all times material hereto, Clarke was an "employer" of Plaintiffs as defined in FLSA § 3(d), 29 U.S.C. §203(d).

57.

At all times material hereto, Plaintiffs were "employees" of Clarke as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

**ADDITIONAL FACTUAL ALLEGATIONS**

58.

At all times material hereto, Clarke's Towing did not employ Plaintiffs in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

59.

At all times material hereto, Clarke's Towing did not employ Plaintiffs in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

60.

At all times material hereto, Clarke's Towing did not employ Plaintiffs in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

61.

At all times material hereto, Clarke's Towing  did not employ Plaintiffs in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

62.

At all times material hereto, Plaintiffs were not exempt from the minimum wage requirements of the FLSA by reason of any exemption.

63.

At all times material hereto, Plaintiffs were not exempt from the maximum hours requirements of the FLSA by reason of any exemption.

64.

At all times material hereto, Plaintiffs were not exempt from the maximum hour requirements of the FLSA because of the Motor Carrier Exemption (29 U.S.C. § 213(b)(1)).

65.

At all times material hereto, Plaintiffs' work for Defendants did not involve interstate commerce as defined by the Motor Carrier Act (49 U.S.C.A. § 10521).

66.

At all times material hereto, Plaintiffs operated flatbed tow trucks in their performance of work on behalf of Defendants.

67.

During all times relevant, Plaintiffs did not operate tow trucks with a curb weight greater than 10,000 pounds.

68.

At all times material hereto, Clarke's Towing was not an operator within the purview of the Motor Carrier Act (49 U.S.C.A. § 3102).

69.

At all times material hereto, Plaintiffs did not operate "commercial motor vehicle[s]" within the meaning of the Motor Carrier Act (49 U.S.C.A. § 31132(1)).

70.

Section 6 of the FLSA (29 U.S.C. § 206) requires that Defendants compensate Plaintiffs and each member of the collective they seek to represent at a rate of no less than $7.25 per hour for every hour worked in a work week.

71.

Section 7 of the FLSA (29 U.S.C. § 207) requires that Defendants compensate Plaintiffs and each member of the collective they seek to represent a rate of one and one half times their regular rate for each hour worked in excess of forty (40) hours in a work week.

72.

Defendants knew or should have known that the FLSA applied to Plaintiffs and the class they represent.

73.

Defendants knew or should have known that the Section 6 of the FLSA requires that Defendants compensate Plaintiffs and each member of the collective they seek to represent at a rate of at least $7.25 per hour for every hour worked in a work week.

74.

Defendants knew or should have known that the Section 7 of the FLSA requires that Defendants compensate Plaintiffs and each member of the collective they seek to represent a premium for all hours worked above forty in a given workweek.

75.

During the Relevant Period and as a result of improper deductions for damage to tow trucks, customer vehicles and other non-specified reasons, Clarke's Towing failed to compensate Gray at a rate of $7.25 per hour for each hour he worked.

76.

During the Relevant Period, Clarke's Towing willfully failed to compensate Gray at a rate of $7.25 per hour for each hour he worked.

77.

During the Relevant Period and as a result of improper deductions for damage to tow trucks, customer vehicles and other non-specified reasons, Clarke's Towing failed to compensate Thompson at a rate of $7.25 per hour for each hour he worked.

78.

During the Relevant Period, Clarke's Towing willfully failed to compensate Thompson at a rate of $7.25 per hour for each hour he worked.

79.

During the Relevant Period, Clarke's Towing failed to compensate the members of collective Plaintiff's seek to represent at a rate of $7.25 per hour for each hour worked.

80.

During the Relevant Period, Plaintiffs and the members of collective they seek to represent worked for Defendants more than forty (40) hours per week.

COMMISSION ISSUES AND CALCULATION OF OVERTIME AS TO WILLIAMS

81.

29 C.F.R. § 778.118 sets forth the manner for calculating overtime wages to employees who receive a portion of their earnings in commission each week.

82.

29 C.F.R. § 778.118 requires that the sum total of the commission earned and other earnings be divided by the total hours worked in order to determine the regular hourly rate.

83.

29 C.F.R. § 778.118 further requires that "(t)he employee must be paid extra compensation at one-half that rate for each hour worked in excess of" forty hours per week.

84.

During the Relevant Period, Defendants failed to calculate a regular rate for Plaintiff Williams by dividing the sum total of the commission earned and other earnings by the total hours worked.

85.

During the Relevant Period, Defendants failed to pay Plaintiff Williams at one-and-one-half times this regular rate for work performed in excess of forty (40) hours per week.

### PAYMENT OF STRAIGHT TIME TO GRAY AND THOMPSON

86.

At all times material hereto, Defendants paid Gray and Thompson at "straight time."

87.

Defendants failed to pay Gray and Thompson the overtime premium required by the FLSA.

88.

At all times material hereto, Defendants failed to pay Plaintiffs and the members of the collective they seek to represent at one-and-one-half times their regular rate for each hour worked in excess of forty (40) hours in any workweek.

**COUNT I — FAILURE TO PAY MINIMUM WAGE AS TO PLAINTIFFS GRAY AND THOMPSON**

89.

The allegations in all previous paragraphs are incorporated by reference as if fully set out herein.

90.

At all times material hereto, Plaintiffs and the members of the collective they seek to represent have been employees covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

91.

At all times material hereto, Defendants made deductions from its compensation of Gray, Thompson, and the members of the collective

Plaintiffs seek to represent for damages to tow trucks, customer vehicles and other unspecified deductions

92.

At all times material hereto, the deductions Defendants made from the compensation of Gray, Thompson, and the members of the collective they seek to represent which caused their respective wages to fall below the minimum wage as established in accordance with Section 6 of the FLSA.

93.

During the Relevant Period, Defendants willfully failed to compensate Gray, Thompson and the members of the collective they seek to represent at an hourly rate above or equal to the minimum wage as established in accordance with Section 6 of the FLSA.

94.

As a result of the underpayment of minimum wages as alleged above, Gray, Thompson and the members of the collective they seek to represent are entitled to payment of minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

95.

As a result of the underpayment of minimum wages as alleged above, Gray, Thompson and the members of the collective they seek to represent are entitled

to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b), declaratory and injunctive relief, and reimbursement of Plaintiffs' reasonable attorneys' fees and expenses of litigation, pursuant to 29 U.S.C. § 216(b).

COUNT II — FAILURE TO PAY OVERTIME

96.

The allegations in all previous paragraphs are incorporated by reference as if fully set out herein.

97.

At all times material hereto, Plaintiffs and the members of the collective they seek to represent were employees covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

98.

During their respective periods of employment with Defendants, Plaintiffs and the members of the collective they seek to represent regularly worked in excess of forty (40) hours each week.

99.

During the Relevant Period, Defendants failed to compensate Plaintiffs and the members of the collective they seek to represent at one-and-one-half times their regular rate for work in excess of 40 hours in any week.

100.

During the Relevant Period, Defendants willfully failed to Plaintiffs and the members of the collective they seek to represent at one and one half times their regular rate for work in excess of forty (40) hours in any week.

101.

Plaintiffs and the members of the collective they seek to represent are entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

102.

As a result of the underpayment of overtime compensation as alleged above, Plaintiffs and the members of the collective they seek to represent are entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

103.

As a result of the underpayment of overtime compensation as alleged above, Plaintiffs and the members of the collective they seek to represent are entitled to their litigation costs, including their reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT III – COLLECTIVE ACTION ALLEGATIONS

### 104.

The allegations in all previous paragraphs are incorporated by reference as if fully set out herein.

### 105.

At all times during the three years prior to the filing of this Complaint, Defendants violated 29 U.S.C. § 206 and 29 U.S.C. § 207 by failing to pay minimum wage and overtime wages to the members of the collective Plaintiffs seek to represent.

### 106.

At all times during the three years prior to the filing of this Complaint, Defendants have violated 29 U.S.C. § 206 and 29 U.S.C. § 207 by failing to pay minimum wage and overtime wages to the members of the collective Plaintiffs seek to represent in the same manner as alleged above with respect to Plaintiffs.

### 107.

All tow truck drivers who have worked for Defendants within the three years prior to the filing of this action are "similarly situated" within the meaning of FLSA § 16 (b), 29 U.S.C. § 216(b).

108.

Defendants are liable pursuant to 29 U.S.C. § 201 *et seq*. to all individuals similarly situated to Plaintiffs for unpaid minimum wage, overtime wages, attorney's fees and costs of litigation, and other such equitable and legal relief that this Court finds proper.

109.

The proposed collective of individuals similarly situated to Plaintiffs should be defined as "All individuals who have worked as tow truck drivers for Clarke's Towing & Transportation, Inc. since 2013 through the present."

110.

All such individuals similarly situated to Plaintiffs would benefit from the issuance of a Court supervised Notice of Present Lawsuit and opportunity to consent in writing to their inclusion as plaintiffs in this lawsuit pursuant to 29 U.S.C. § 216(b).

111.

All such individuals similarly situated to Plaintiffs are known to Defendants, are readily identifiable, and can be located through the records of Defendants.

### COUNT IV - BREACH OF CONTRACT AS TO PLAINTIFF THOMPSON

112.

The allegations in all previous paragraphs are incorporated by reference as if fully set herein.

113.

Thompson and Clarke's Towing were parties to a contract of employment (hereafter "the Contract") from on or about August 1, 2014 through November 30, 2015.

114.

The Contract provided that Clarke's Towing would pay Thompson for work that was performed by Thompson on behalf of and for the benefit of Defendant.

115.

Defendant's failure to pay Thompson for work performed for his last week of work from on or about November 23, 2015 through November 30, 2015 constitutes a material breach of the Contract.

116.

As the direct and foreseeable result of this breach, Thompson has sustained and continues to sustain damages in an amount to be proved at trial.

## COUNT V – QUANTUM MERUIT AS TO PLAINTIFF THOMPSON

### 117.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

### 118.

From on or about August 1, 2014 through November 30, 2015, Thompson served as a tow truck driver for Clarke's Towing.

### 119.

Thompson's service as a tow truck driver for Clarke's Towing as described above was valuable to it.

### 120.

Clarke's Towing requested Thompson's service as a tow truck driver.

### 121.

Clarke's Towing knowingly accepted Thompson's service as a tow truck driver.

### 122.

The receipt of Thompson's services as a tow truck driver for Clarke's Towing without compensation would be unjust.

### 123.

Thompson expected to be compensated at the time he provided his services as a tow truck driver.

### 124.

Thompson is entitled to a recover from Clarke's Towing the reasonable value of the services he provided as a tow truck driver for Defendant during his last week of employment, in an amount to be determined at trial.

### COUNT VI - PROMISSORY ESTOPPEL AS TO PLAINTIFF THOMPSON

### 125.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

### 126.

On August 1, 2014, Clarke's Towing promised to pay Thompson in return for Thompson's service as a tow truck driver for them.

### 127.

Clarke's Towing should have reasonably expected that Thompson would induce action in reliance of said promise, i.e., serve as a tow truck driver for Defendant.

128.

Clarke's Towing's promise induced Thompson to act in reliance thereof, i.e., to serve as a tow truck driver for it, to his detriment.

129.

Thompson's service as a tow truck driver for Clarke's Towing conferred a benefit on it.

130.

Clarke's Towing failed to pay Thompson in accordance with their promise.

131.

Thompson relied on Defendant's promise.

132.

Thompson's reliance on Defendant's promise was reasonable.

133.

Injustice can only be avoided by enforcement of Defendant's promise.

134.

Thompson is entitled to a recover from Clarke's Towing  the reasonable value of the services he provided as a tow truck driver for Defendant during his last week of employment, in an amount to be determined at trial.

WHEREFORE, Plaintiffs respectfully pray:

1.  That Plaintiffs and the members of the collective they seek to represent be awarded amounts to be determined at trial against Defendants, jointly and severally, in due but unpaid minimum wages under the FLSA, plus additional like amounts in liquidated damages;

2.  That Plaintiffs and the members of the collective they seek to represent be awarded an amount to be determined at trial against Defendants, jointly and severally, in due but unpaid overtime wages under the FLSA, plus additional like amounts in liquidated damages;

3.  That the Court permanently enjoin Defendants from violating the minimum wage and overtime provisions of the FLSA;

4.  That Plaintiffs be awarded their costs of litigation, including reasonable attorney's fees from Defendants;

5.  That the Court issue a Notice of Present Lawsuit to all individuals similarly situated to Plaintiffs, allowing all such similarly-situated individuals to file their written consent to join this action as Plaintiffs;

6.  That the Court award all such individuals who "opt in" to this lawsuit their unpaid minimum wages, overtime wages, liquidated damages, and costs of litigation and reasonable attorney's fees from Defendants;

7.    That Thompson be awarded an amount as determined at trial against

Clarkes' Towing as damages under Counts IV, V and VI of this

Complaint; and

8.    For such other and further relief as the Court deems just and proper.

Respectfully submitted,

DELONG CALDWELL BRIDGERS
FITZPATRICK & BENJAMIN, LLC

*/s/ Charles R. Bridgers*
Charles R. Bridgers
Ga. Bar No. 080791

3100 Centennial Tower
101 Marietta Street
Atlanta, Georgia 30303
(404) 979-3171
(404) 979-3170 (f)
kevin.fitzpatrick@dcbflegal.com
charlesbridgers@dcbflegal.com
matthew.herrington@dcbflegal.com

*/s/ Kevin D. Fitzpatrick, Jr.*
Kevin D. Fitzpatrick, Jr.
Ga. Bar No. 262375

**Counsel for Plaintiffs**